IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSS DIAMOND,** *et al.*, | : | **CIVIL NO. 1:06-CV-0370** |
| Plaintiffs | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| **BOB NYE,** *et al.*, | : | |
| Defendants | : | |

## **M E M O R A N D U M**

Before the court is Plaintiffs' motion to amend the complaint. (Doc. 11.) The parties have briefed the issue and the matter is ripe for disposition. For the reasons that follow, the court will grant Plaintiffs' motion.

### **I.      History**

Plaintiffs Russ Diamond and Pa. Clean Sweep, Inc. filed the original complaint on February 17, 2006, against Bob Nye, an unnamed state representative, and an unnamed state senator. Plaintiffs' original complaint alleged defamation, libel, and false light representation and violations of Plaintiffs' civil rights under 42 U.S.C. § 1983. Defendant Nye filed a motion to dismiss on March 9, 2005. (Doc. 5.) Plaintiffs did not respond to the motion to dismiss; however, Plaintiffs timely filed a motion to amend the complaint on March 23, 2006. (Doc. 11.) Plaintiffs' proposed amended complaint seeks to add an additional defendant, the House Republican Party, and an additional claim, conspiracy to violate Plaintiffs' civil rights under 42 U.S.C. § 1985. Defendant Nye filed the instant motion opposing Plaintiffs' motion to amend on April 7, 2006. (Doc. 14.)

**II.        Legal Standard: Motion to Amend**

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993). "Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id*.

In sum, in considering a motion for leave to amend, the court must weigh the prejudice to the non-moving party against the harm to the movant if leave is not granted. 3 James Wm. Moore et al., Moore's Federal Practice § 15.15. The court should also consider judicial economy and the effect an amendment to the complaint would have on the court's management of the case. *Id*.

**III.        Discussion**

In support of the motion to amend, Plaintiffs assert that there has been no bad faith, undue delay, or dilatory motive associated with the proposed amendments. In opposition, Defendant Nye does not appear to dispute Plaintiffs' contentions; rather, Defendant Nye alleges that the proposed amendments are futile.

Defendant Nye asserts that Plaintiffs' proposed amendments are futile for the following reasons: 1) Defendants have not unconstitutionally interfered with the election process; 2) Defendants have not deprived Plaintiffs of a "right" to field a candidate for public office because no such right exist; 3) Defendants have not deprived Plaintiffs of their right to free speech; 4) and Defendants have not deprived Plaintiffs of equal protection under the law. Finally, Defendant Nye asserts that the alleged defamation, libel, and false light representation were political opinion, and thus, as a matter of law, Plaintiffs' claims based upon defamation, libel, and false light representation are futile. Additionally, Defendant Nye incorporates his motion to dismiss into his opposition to Plaintiffs' motion to amend. Defendant Nye's motion to dismiss essentially asserts the same arguments contained in his opposition to Plaintiffs' motion to amend; thus, the court will not, at this time, separately address Defendant Nye's motion to dismiss.

As noted, an amendment is futile if it cannot withstand a motion to dismiss. *Massarsky*, 706 F.2d at 125. At this time, the court cannot say whether Plaintiffs' proposed amendments are able to withstand a motion to dismiss.[1]

---

[1] In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the
(continued...)

Defendant Nye's opposition to the proposed amendments does not allege a situation where the proposed amendments would be clearly futile, such as a violation of the applicable statute of limitations or immunity.  As provided by the Supreme Court: "[i]f the underlying facts or circumstances relied upon by the plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test the claim on the merits." *Foman*, 371 U.S. at 181.  While Defendant Nye disputes the merits of Plaintiffs' proposed amendments, the court is not willing to address the merits of Plaintiffs' claims at this time.  Accordingly, the court will provide Plaintiffs with an opportunity to test their claims on the merits.

Additionally, as noted, pending before the court is Defendant Nye's motion to dismiss.  The prejudice that Defendant Nye would suffer by having to refile his motion to dismiss is outweighed by the prejudice Plaintiffs would suffer if the court were to deny their motion to amend.

**IV.** **Conclusion**

In accordance with the foregoing reasons, the court will grant Plaintiffs' motion to amend.  An appropriate order will issue.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated:  May 16, 2006.

---

[1](...continued)
defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSS DIAMOND,** *et al.*, | : | **CIVIL NO. 1:06-CV-0370** |
| **Plaintiffs** | : | **(Judge Rambo)** |
| v. | : | |
| **BOB NYE,** *et al.*, | : | |
| **Defendants** | : | |

# **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiffs' motion to amend the complaint (Doc. 11) is **GRANTED**.

2) The Clerk of Court is directed to issue a summons.

3) The attachment to Plaintiffs' motion to amend (Doc. 13) is deemed to be the amended complaint. The docket shall reflect said change.

4) Defendant Nye's motion to dismiss (Doc. 5) is deemed **MOOT**. Defendant Nye will have an opportunity to file a motion to dismiss at the appropriate time.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 16, 2006.