IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RUSS DIAMOND,**

   **Plaintiff,**

 v.

**BOB NYE, et al.,**

   **Defendants.**

Civil No. 1: 06-CV-0370

JUDGE SYLVIA H. RAMBO

## M E M O R A N D U M

  This case arises out of a dispute over whether Defendants defamed and violated the civil rights of Plaintiff by publishing content on a web site, www.uncleansweep.com, in connection with Plaintiff's political activities. The instant issue is whether Plaintiff's third amended complaint sufficiently alleges a state law defamation claim, a federal civil rights claim under 42 U.S.C. § 1983, and a conspiracy claim under 42 U.S.C. § 1985(3). Defendant Bob Nye has filed a motion to dismiss the third amended complaint. Because Plaintiff fails to sufficiently establish a basis for his federal claims, and because the court therefore lacks jurisdiction over the state law claim, the court will grant Defendant's motion to dismiss. Because the court further finds that such claims are futile, the court will dismiss Plaintiff's third amended complaint, with prejudice.

**I.**  **Background**

  Plaintiff Russ Diamond was the chairman of PA Clean Sweep, Inc. (hereinafter "PA Clean Sweep"), a political organization founded for the purpose of opposing 2005 Pennsylvania legislator pay raise legislation and fielding candidates

in the state's 2006 primary and general elections.  PA Clean Sweep was dissolved by court order on August 8, 2006.  On August 22, 2006, Plaintiff filed the third amended complaint (Doc. 42).  The third amended complaint consists of three counts – (1) a state law defamation, libel, and false light claim (hereinafter "state law defamation claim" or "defamation claim"); (2) a civil rights claim pursuant to 42 U.S.C. § 1983; and (3) a claim of conspiracy to violate Plaintiff's civil rights under 42 U.S.C. § 1985 against Defendant Nye and other unnamed individuals in the Pennsylvania House of Representatives and House Republican Caucus.

   Plaintiff alleges that, on February 8, 2006, Defendant Nye, a state employee, created the web site, www.uncleansweep.com.  The web site was announced via a mass e-mail distribution on February 11, 2006.  The web site contained statements that Plaintiff alleges were "reckless, malicious and unsubstantiated falsehoods" because they accused him of embezzlement, fraud, criminal fraud, and criminal conspiracy.  Plaintiff also alleges that the web site improperly compared him to Kenneth Lay.  Plaintiff claims that Defendant and other state employees authored the content and paid to publish the web site.  Plaintiff also alleges that computers located in Lancaster County, where Defendant Nye resides, and in the Pennsylvania House of Representatives, in Harrisburg, Pennsylvania, where Defendant works, were used to publish the content.[1]  Finally, Plaintiff alleges

---

[1] Plaintiff claims that the affidavit of Defendant Nye that was filed in support of Defendant's March 9, 2006 motion to dismiss the complaint constituted perjury because Defendant stated that only he had participated in the creation and publication of the web site and that he performed all of the work on the web site from his home in Elizabethtown, Lancaster County, Pennsylvania, on his personal computer.  For the reasons discussed below, the court finds that Plaintiff fails to establish such perjury.

2

that Defendant produced the web site with the full knowledge of his superiors in the House Republican Caucus.[2]

On September 11, 2006, Defendant Nye filed the instant motion to dismiss Plaintiff's third amended complaint (Doc. 45). Defendant filed a brief in support of the motion to dismiss on September 21, 2006 (Doc. 47). Plaintiff has not filed a responsive brief; thus the court deems the motion unopposed, pursuant to Local Rule 7.6, and ripe for disposition.

## II.      Legal Standard – Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendants on notice of the essential elements of the plaintiff['s] cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and

---

[2] The second amended complaint named the House Republican Caucus (hereinafter "the Caucus") as a Defendant; however, the court dismissed the complaint with respect to the Caucus on July 20, 2006.

matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may consider "undisputedly authentic document[s] that a defendant attaches as [exhibits] to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

When a party who is represented by counsel fails to oppose a motion to dismiss, the court may treat that motion as unopposed and "subject to a dismissal without a merits analysis." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005)

(citing *Stackhouse*, 951 F.2d at 30).  However, such a dismissal constitutes a sanction for failing to comply with the local rules rather than a dismissal because the complaint fails to state a claim upon which relief may be granted.  *Stackhouse*, 951 F.2d at 30.  For this reason, and because the Third Circuit requires that leave to amend be granted absent certain conditions, the court will conduct a merits analysis here.

**III.**     **Discussion**

Plaintiff's third amended complaint asserts three claims: a state law defamation claim, a federal civil rights claim, and a federal conspiracy to violate civil rights claim.  Because the court has only pendent jurisdiction over the state law claim, the court will address the federal claims first.

    **A.**     **Count II – § 1983 Civil Rights Claim**

Plaintiff fails to adequately state a civil rights claim under § 1983 because the allegations in the complaint fail to establish state action.  To state a § 1983 claim, a plaintiff must allege (1) that a person deprived him of a federal right and (2) that the person was acting under color of state law.  *Gomez v. Toledo*, 445 U.S. 635, 640 (1980).  Acting "[u]nder color of law means under 'pretense' of law" and requires "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150-51 (3d Cir. 1995).  However, "[i]t is well-settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state."  *Id.* at 1150.  Individuals acting "in the ambit of their personal pursuits are plainly excluded."  *Id.* at 1151.

Plaintiff's allegations, accepted as true, *Worldcom, Inc.*, 343 F.3d at 653, fail to establish that Defendant Nye acted in anything other than a personal capacity. Plaintiff attempts to establish that Defendant worked on the web site from a computer located at his place of employment, an office located in the State House of Representatives. (Third Am. Compl. ¶¶ 35-36.) At most, however, Plaintiff's allegations establish only that www.uncleansweep.com was *accessed* from computers located at State buildings.[3] Neither Plaintiff's claims, nor the exhibits attached to Plaintiff's third amended complaint, establish that Defendant Nye *worked on* the web site www.uncleansweep.com from an office located in a State building.[4] In addition, Plaintiff fails to establish a claim against any "John Doe" Defendants in the Pennsylvania House of Representatives or Republican Caucus. "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.40, 52 (1999). Therefore, even if Defendant Nye's supervisors were aware of and approved of his activities with respect to the web site, such conduct would not satisfy the state action requirement of a § 1983 claim. Accordingly, the factual allegations set forth in the third amended complaint fail to establish that Defendant Nye or others acted "under

---

[3] The court notes that the third amended complaint contains what may be a cover page entitled "Exhibit B: Uncleansweep log highlights listing computer IP addresses and interstate and intrastate activities related to uncleansweep.com," but fails to provide a log itself. Exhibit C of the third amended complaint, entitled "Whois search results for computers with the following IP addresses," identifies certain IP addresses as computers located in Lancaster County, the Pennsylvania House of Representatives, and the Pennsylvania Senate. Even if the court ignores the evidentiary deficiencies based on the absence of the log itself, and accepts Plaintiff's allegations that the log provides a list of IP addresses that accessed www.uncleansweep.com and that the computers listed in Exhibit C appeared on such a log, the evidence tends to show nothing more than mere access.

[4] For the same reasons, the factual allegations set forth by Plaintiff fail to establish that Defendant Nye committed perjury.

color of law." Moreover, the court finds that Plaintiff's attempt to establish the state action element, and therefore a § 1983 claim, is futile. Therefore, the court will grant Defendant's motion to dismiss with respect to Plaintiff's § 1983 claim.

### B.   Count III – § 1985 Conspiracy Claim

Plaintiff fails to state a claim under § 1985 because the third amended complaint fails to satisfy a threshold requirement of § 1985(3)[5] – that the conspiracy was motivated by class-based invidiously discriminatory animus.[6] Plaintiff alleges a conspiracy to "impermissibly interfer[e] with Plaintiff Clean Sweep's members, supporters and candidates s' [sic]" rights of political association, to vote, to field candidates for public office, to circulate and file nomination petitions, free speech, and equal protection under state and federal law. (Third Am. Compl. ¶ 48.) However, such allegations constitute discrimination against a class based on political affiliation and are insufficient to support a conspiracy claim under § 1985(3).

Under § 1985(3), a conspiracy is actionable if formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3); *see also Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). Moreover, a § 1985(3) claimant must allege "some racial, or perhaps otherwise *class-based, invidiously discriminatory animus* behind the conspirators' action" in order to state a claim. *Farber*, 440 F.3d at 135 (quoting *Griffin v.*

---

[5] The relevant provision of § 1985 that would serve as a basis for Plaintiff's conspiracy claim appears at § 1985(3).

[6] Because the court is able to dispose of the motion to dismiss on this ground, the court will not reach Defendant's standing argument.

*Breckenridge*, 403 U.S. 88, 102 (1971)).  The Third Circuit has explicitly held that discrimination based on "political affiliation does not qualify" as invidious.  *Id.* at 142.  Because the only discrimination alleged by Plaintiff is that based on political affiliation, Plaintiff fails to establish the requisite invidious discrimination.  Accordingly, the court finds that Plaintiff fails to state a conspiracy claim under § 1985 and that such a claim is futile.  The court will, therefore, grant Defendant's motion to dismiss with respect to Count III.

### C. Count I – State Law Defamation Claim

Because the court finds that Plaintiff fails to state a federal law claim under either § 1983 or § 1985, the court lacks jurisdiction over Plaintiff's state law defamation claim.  The third amended complaint asserts that this court has pendent jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.  (Third Am. Compl. ¶ 1.)  Because the court has found that Plaintiff has not sufficiently alleged the federal claims in Counts II and III, Plaintiff fails to establish a basis for supplemental jurisdiction under § 1367 for Count I.  In the absence of viable federal claims, the court finds the state law defamation claim to be futile.  Therefore, the court will grant Defendant's motion to dismiss with respect to Plaintiff's defamation claim.

**IV.**     **<u>Conclusion</u>**

        Because Plaintiff fails to state claims for violations of § 1983 and § 1985, because the court therefore lacks jurisdiction over the state law defamation claim, and because the court finds such claims to be futile, the court will dismiss Plaintiff's third amended complaint, with prejudice.  An appropriate order will issue.

                                                       s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                    United States District Judge

Dated:  October 19, 2006.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSS DIAMOND,** | Civil No. 1: 06-CV-0370 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **BOB NYE, et al.,** | |
| Defendants. | |

## O R D E R

For the reasons stated in the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Defendant Bob Nye's motion to dismiss the third amended complaint (Doc. 45) is **GRANTED**;

2) Plaintiff's third amended complaint (Doc. 42) is **DISMISSED with prejudice**; and

3) The Clerk of Court is directed to close the file.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: October 19, 2006.